UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERIC SCRIVENS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:20CV224 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| J.C. STREEVAL, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Eric Scrivens, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a response in opposition to the petition. (Dkt. No. 8.) In it, respondent argues that the petition should be dismissed in its entirety, arguing that the court lacks jurisdiction over the petition and that, in any event, it fails on the merits.

For the reasons set forth herein, I conclude that this Court lacks jurisdiction over Scrivens' § 2241 petition. I will therefore dismiss the petition without prejudice.

I.

Scrivens is currently incarcerated at the United States Penitentiary ("USP") in Lee County, Virginia. He alleges that he is actually innocent of the charge of being a felon in possession of a firearm.

On April 4, 2008, Scrivens was sentenced as an armed career criminal by the United States District Court for the Southern District of Florida to a total of 360 months' imprisonment, to be followed by 60 months of supervised release, in Case No. 06-cr-60342 for possession with intent to distribute crack cocaine (Count Two), possession of an unregistered short-barreled shotgun (Count Three), and being a felon in possession of a firearm (Count Four). (Dkt. No. 1 at 1, 10–11; Dkt. No. 8 at 1; Dkt. No. 8-2 at 3.)[1] He was found not guilty of a second charge of

---

[1] Page citations refer to the pagination generated by the court's electronic filing system (ECF).

being a felon in possession of a firearm (Count One). (Dkt. No. 1 at 11.) Scrivens appealed his conviction and sentence, but the Court of Appeals for the Eleventh Circuit affirmed the judgment. *United States v. Scrivens*, 322 F. App'x 865 (11th Cir. 2009).

Following the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133 (2010), Scrivens filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. (Dkt. No. 1 at 11; Dkt. No. 8 at 1-2.) The court granted the motion in part and denied it in part, found that Scrivens no longer qualified as an armed career criminal, and resentenced Scrivens to a total term of 240 months' imprisonment, followed by 36 months of supervised release. (Dkt. No. 1 at 11; Dkt. No. 8 at 2.)

Subsequently, Scrivens filed several motions to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based on amendments to the Sentencing Guidelines, which were denied. (*See* Docket in Case No. 06-cr-60342 (S.D. Fla.).) He also filed a second motion to vacate under § 2255, which was also denied. (*Id.*)

In his current petition before this Court, Scrivens challenges the legality of his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), pursuant to *Rehaif v. United States*, 131 S. Ct. 2191 (2019), and *In re Jones*, 226 F.3d 328 (4th Cir. 2000). (Dkt. No. 1 at 11.)

II.

A prisoner generally must file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus under § 2241 challenging a federal court judgment unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e)

("the savings clause"); *see United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018); *Jones*, 226 F.3d at 333. "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[2]

The United States Court of Appeals for the Fourth Circuit has concluded that § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 328 F.3d at 333-34; *see also Wheeler*, 886 F.3d at 429 (setting forth similar requirements for challenges to sentences under savings clause). If any one of the requirements is not met, the court is deprived of jurisdiction and may not "entertain[] [the petition] to begin with." *Wheeler*, 886 F.3d at 425. Scrivens bears the burden of proving subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

In evaluating the substantive law in a § 2255(e) savings clause analysis, the court must "look to the substantive law of the circuit where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). The Florida district court where Scrivens was convicted is within the Eleventh Circuit. 28 U.S.C. § 41. Accordingly, while the court must apply the procedural standard in *Jones*, it must do so using Eleventh Circuit substantive law. Id.

---

[2] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

Scrivens argues that in light of the Supreme Court's decision in *Rehaif*, his conviction under § 922(g) is invalid. (Dkt. No. 1 at 6, 11.) He states that he is "actually innocent" of being a felon in possession of a firearm because he lacked knowledge that "he belonged to the relevant category of persons barred from possessing a firearm." (*Id.* at 13.)

Section 922(g) "provides that it shall be unlawful for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who '*knowingly*' violates the first provision shall be fined or imprisoned for up to 10 years." *Rehaif*, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g). In *Rehaif*, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. According to Scrivens, he was unaware that it was against the law for him to possess a weapon because he was a convicted felon and, further, that the Government failed to prove the knowledge of status element at trial. (Dkt. No. 1 at 13.)

As noted above, the court may not entertain Scrivens' § 2241 petition unless he can satisfy the conditions set forth in *Jones*. *See Asar v. Travis*, No. 6:20-cv-00394, 2020 WL 1099391, at *5 (D.S.C. Feb. 10, 2020) ("*Asar I*") ("To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in *United States v. Wheeler* or *In re Jones*."), *adopted by* 2020 WL 3843638 (D.S.C. July 8, 2020) ("*Asar II*"). "If any one of the requirements is not met, the court is deprived of jurisdiction and may not entertain the petition to begin with." *Ledezma-Rodriguez v. Brecken*, No. 7:18-cv-00268, 2019 WL 4644556, at *2 (W.D. Va. Sept. 24, 2019) (quoting *Wheeler*, 886 F.3d at 425).

Respondent argues that Scrivens fails to satisfy the requirements of § 2241. (Dkt. No. 8 at 8, 13-14.) Specifically, respondent contends that Scrivens cannot meet the second requirement of *Jones* because the conduct for which he was convicted remains criminal after *Rehaif*. (*Id.* at 13-14.) Since *Rehaif*, several courts within the Fourth Circuit have held that *Rehaif* did not change substantive law "such that the conduct of which the prisoner was convicted is deemed not to be criminal[,]" *Jones*, 226 F.3d at 334, because that conduct, being a felon in possession of a firearm, is still illegal, *see, e.g.*, *Asar II*, 2020 WL 3843638, at *2 ("being a felon in possession of a firearm remains a valid criminal offense"); *see also Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases); *Hoffman v. Breckon*, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (same); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); *Taylor v. Huggins*, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of *Jones*, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of *Jones*."), *adopted by* 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); *Moss v. Dobbs*, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in *Jones* requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), *adopted by* 2019 WL 5616884 (D.S.C. Oct. 31, 2019).

Scrivens cannot meet the *Jones* requirements for use of § 2255's savings clause. Specifically, he cannot demonstrate that the conduct for which he was convicted is no longer a

crime. *See Jones*, 328 F.3d at 334. Therefore, he may not proceed under § 2241. Accordingly, this Court lacks jurisdiction over Scrivens' claim. *See Wheeler,* 886 F.3d at 423; *see also Prince v. Warden of Bennettsville Fed. Corr. Inst.*, No. 8:20-cv-00823, 2020 WL 3318294, at *3 (D.S.C. Mar. 23, 2020) ("Because Petitioner cannot show that the conduct for which he was convicted is no longer criminal, he cannot satisfy the second element of the savings clause test and this Court lacks jurisdiction over his Petition."), *adopted by* 2020 WL 3316088 (D.S.C. June 18, 2020).

Having found that the Court lacks jurisdiction over Scrivens' *Rehaif* claim, I will dismiss his petition without prejudice.[3]

An appropriate order will be entered.

**ENTER**: This 28th day of July, 2021

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Based on this conclusion, I do not address respondent's remaining arguments.

6